**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| William Joseph Rolon, | ) | |
| | ) | Civil Action No.: 0:13-cv-1009-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for a review of the magistrate judge's Report and Recommendation ("Report"), (ECF No. 27), filed on June 17, 2014, recommending that the decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claims for Supplemental Security Income ("SSI") be reversed, pursuant to sentence four of 42 U.S.C. § 405(g), and remanded to the Commissioner for administrative action consistent with the magistrate judge's recommendation. The Report sets forth the relevant facts and legal standards which this court incorporates herein without a recitation.

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or

1

recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were notified of their right to file objections (ECF No. 21 at 10). On July 3, 2014, the Commissioner filed her Reply to the Report (ECF No. 23), but only stated to rely on Defendant's previously filed memo. (ECF No. 19).

In the absence of objections to the magistrate judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough and careful review of the record, including the briefs from Plaintiff and the Commissioner, the magistrate judge's Report, and Commissioner's objections thereto, the court finds the Report provides an accurate summary of the facts and law in the instant case. The court **ADOPTS** the magistrate judge's Report [Dkt. No. 21] and incorporates it herein by reference. For the reasons set out in the Report, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with the magistrate judge's recommendation.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 17, 2014
Columbia, South Carolina